# Hurley, Appellant, v. Western Allegheny Railroad Company.

*Negligence—Railroads—Master and servant—Fellow servant—Act of June 10, 1907, P. L. 523.*

1. In an action by an employee of a railroad company against his employer to recover damages for personal injuries, a nonsuit is properly entered, where it appears that the plaintiff was one of a number of men engaged in building a railway trestle, and that at the time he was injured was working with the foreman, on a scaffold; that the foreman directed a fellow workman to get the blocks ready to raise material for the work; and that in carrying out this order the workman jerked a rope in such a manner that it struck a plank on which the plaintiff was standing and caused his fall.

2. The Act of June 10, 1907, P. L. 523, applies where there is negligence in giving an order, the execution of which would naturally and reasonably cause injury, but it has no application where the only negligence shown is in the manner in which a proper order is executed.

Argued Oct. 9, 1912. Appeal, No. 101, Oct. T., 1912, by plaintiff, from order of C. P. Armstrong Co., Sept. T., 1911, No. 73, refusing to take off nonsuit in case of Daniel J. Hurley v. Western Allegheny Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*C. E. Harrington,* for appellant.

*J. H. Painter,* for appellee.

Per Curiam, January 6, 1913:

The plaintiff was one of a number of men engaged in building a railroad trestle and at the time he was injured was working with the foreman on a scaffold. The foreman directed a fellow workman to get the blocks ready to raise materials for the work. In carrying out this order the workman jerked a rope in such a manner that it struck a plank on which the plaintiff was standing and caused his fall. At the trial a nonsuit was entered.

The plaintiff had as safe a place in which to work as the nature of the work on which he was engaged would permit and no negligence on the part of the defendant was shown. On behalf of the plaintiff it is contended that the defendant is liable under the Act of June 10, 1907, P. L. 523, because a foreman had directed a workman to get the blocks ready while the plaintiff was on the scaffold and had failed to supervise his work in so doing. The act provides that the negligence of a fellow servant shall not be a defense where his act is "done in obedience to the rules, instructions or orders given by the employer or any other person who has authority to direct the doing of the act" and. it makes any person in charge of the work or any part thereof the agent of the employer. It applies where there is negligence in giving an order, the execution of which would naturally and reasonably cause injury, but it has no application where the only negligence shown is in the manner in which a proper order is executed. The order given by the foreman to get the blocks ready involved in its execution no probable danger to anyone and he was under no duty to stand by and superintend its execution. An employer is

not required to be always present, personally or by a representative to guard against an unexpected or a transient peril: Schneider v. Philadelphia Quartz Co., 220 Pa. 548; King v. McClure Co., 222 Pa. 625.

The judgment is affirmed.